BARKETT, Circuit Judge,
dissenting:
I respectfully dissent. I believe the compelled sale of Gainous’s house was neither statutorily authorized nor within the district court’s discretion.
Section 3613A(a)(l) of Title 18 of the United States Code permits a court to order the sale of a defendant’s property “upon a finding that the defendant is in default on a payment of ... restitution.” Although not defined in the statute, the general meaning of the term “default” is “[t]he omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due.” Black’s Law Dictionary 449 (8th ed.2004). There is no dispute that Gainous made all of his court-ordered restitution payments. Thus, under the plain language of the statute, I believe the district court erred in finding a default even though the schedule was based upon Gainous’s misrepresentations.
Assuming argumendo that 18 U.S.C. § 3583(d) provides the district court with authority to compel the sale of an individual’s home as a condition of supervised release, I believe the district court abused its discretion in doing so. The record suggests that there was, at most, $8,000 of equity in the house. Without any further inquiry into Gainous’s ability to procure this amount by some other means, the district court ordered him to sell his house. See United States v. Lampien, 89 F.3d 1316, 1325 (7th Cir.1996) (Manion, J., concurring) (“[I]f Lampien has other means of paying the required restitution (e.g., helpful family members, lucky lotto number, etc.), she should be allowed to keep her home.”). Moreover, the district court had — and employed — means other than the forced sale of Gainous’s home to sanction him for his failure to comply with the original terms of his supervised release. In addition to the compelled sale of his home, the district court sentenced Gainous to ten days of imprisonment followed by a 30-month term of supervised release and increased his monthly restitution payments to $1,300.